UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOEL ROBBINS and
LISA DELSANTE,

                          Plaintiffs,

-against-                                         6:24-CV-1223 (LEK/ML)

UNITED VAN LINES, LLC, *et al.*,

                          Defendants.

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

On October 7, 2024, Plaintiffs Joel Robbins and Lisa Delsante commenced this action against Defendants United Van Lines, LLC ("United"), Daryl Flood Relocation, Inc. ("Daryl"), and The Suddath Companies ("Suddath"), alleging a violation of the Carmack Amendment and related state law claims. Dkt. No. 1 ("Complaint") ¶¶ 59–108; *see* 49 U.S.C. § 14706 ("Carmack"). United moved to dismiss the state law claims as preempted by Carmack. Dkt. No. 14. ("United Motion"). Daryl and Suddath separately moved to dismiss for lack of personal jurisdiction and for failure to state a claim under Carmack. Dkt. No. 17. ("D&S Motion"). Plaintiffs filed responses to United's Motion and D&S' Motion. Dkt. Nos. 20 ("Response to United"); 23 ("Response to D&S"). Defendants filed replies. Dkt. Nos. 22 ("United Reply"); 24 ("D&S Reply). Plaintiffs also cross-moved to file an amended complaint. Dkt. No. 23. On September 25, 2025, the Court granted Defendants' Motions to Dismiss and granted in part and denied in part Plaintiffs' cross-motion to file an amended complaint. Dkt. No. 27 ("September Order").

On November 10, Plaintiffs filed an amended complaint against United, Daryl, Dependable Relocation Services, Inc. ("Dependable"), and Suddath Relocation Systems of Texas, Inc. ("SRST"). Dkt. No. 28 ("Amended Complaint"). United filed an answer to the Amended Complaint. Dkt. No. 33 ("United's Answer"). Daryl, Dependable, and SRST (collectively, the "Moving Defendants") moved to dismiss the Amended Complaint for lack of personal jurisdiction and for failure to state a claim. Dkt. No. 34 ("Motion"). Plaintiffs filed their response to the Moving Defendants' Motion. Dkt. No. 39 ("Response"). The Moving Defendants filed their reply. Dkt. No. 40 ("Reply").

For the reasons that follow, the Moving Defendants' Motion to Dismiss is granted.

## II.    BACKGROUND

The following facts are set forth as alleged in the Amended Complaint, as well as the attached exhibits. *See generally* Am. Compl.

The Court assumes familiarity with the general allegations detailed in the Amended Complaint, which generally mirror the allegations included in the initial Complaint. *Compare* Am. Compl. ¶¶ 34–76, *with* Compl. ¶¶ 16–58; Sept. Order at 2–4. In the Amended Complaint, Plaintiffs replaced Defendant Suddath with Defendant SRST, and added Dependable as a Defendant. *See* Am. Compl. ¶¶ 11–12. Plaintiffs also added additional allegations regarding personal jurisdiction as to the Moving Defendants. *See id.* ¶¶ 19–33. These additions specify Plaintiffs' belief that the Moving Defendants "entered into a contract to supply goods or services within this Court's jurisdiction," *id.* ¶¶ 19, 24, 29, and "entered into a contract with United," *id.* ¶¶ 20, 25, 30, and allege that their "conduct giving rise to this action occurred, at least in significant part, within this Court's jurisdiction," *id.* ¶¶ 21, 26, 31. Daryl, Dependable, and SRST are all citizens of the state of Texas. *See id.* ¶¶ 10–12.

Plaintiffs bring suit alleging: (1) Violation of the Carmack Amendment, 49 U.S.C. § 14706, against all Defendants; (2) Bailment against Daryl, Dependable, and SRST; (3) Conversion against Daryl, Dependable, and SRST; (4) Negligence and Gross Negligence against Daryl, Dependable, and SRST; (5) Unjust Enrichment against Daryl, Dependable, and SRST; and (6) Violation of N.Y. Gen. Bus. Law § 349 against Daryl, Dependable, and SRST. *Id.* ¶¶ 77–107. Plaintiffs seek compensatory, consequential, and punitive damages; attorneys' fees; and costs associated with the current action. *Id.* at 18.

## III.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief, and the action is subject to dismissal. *Id.* at 679.

Further, in reviewing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant." *Moussaoui v. Bank of Beirut & the Arab Countries*, No. 23-7332, 2024 WL 4615732, at *1 (2d Cir. 2024) (citation omitted). A plaintiff "must make a prima facie showing that jurisdiction exists . . . [by] making legally sufficient allegations of jurisdiction" that, if true, "suffice to establish jurisdiction over the defendant." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018) (internal quotation marks omitted). Specifically, a plaintiff must show that jurisdiction is proper under the "forum state's personal jurisdiction rules." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). Thus, in the instant case, Plaintiffs can only prevail if their allegations comport with "the specific provisions of New York law to determine whether it permits the exercise of jurisdiction over a given defendant." *Moussaoui*, 2024 WL 4615732, at *2. However, "a plaintiff may not rely on 'conclusory statements' and must offer 'factual specificity' in order to establish personal jurisdiction." *Moussaoui*, 2024 WL 4615732, at *1 (citing *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)). Further, the Second Circuit has said courts "may consider affidavits and other materials beyond the pleadings" to assist in making such jurisdictional determinations. *Doherty v. Bice*, 101 F.4th 169, 172 (2d Cir. 2024) (internal quotes omitted).

## IV.    DISCUSSION

The Moving Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, *see* Mot. at 8–17, and Rule 12(b)(6) for failure to state a claim, *see id.* at 17–22. As to lack of personal jurisdiction, the Moving

Defendants argue that the Amended Complaint "recycles the same allegations almost verbatim" from the initial Complaint, which the Court had found to be legally insufficient. *Id.* at 1–2. The Moving Defendants contend that (1) they have insufficient contacts with New York for personal jurisdiction to be proper; (2) Plaintiffs' Carmack claims against the Moving Defendants are precluded as a matter of law; and (3) Plaintiffs' state law claims against the Moving Defendants are preempted by the Carmack Amendment. *Id.* at 8–22. The Moving Defendants also maintain that the Amended Complaint should be dismissed as a bad-faith amendment under Rule 15(a). *Id.* at 22–23.

In opposition, Plaintiffs argue that the Court has personal jurisdiction over the Moving Defendants, or, alternatively, that the Court should order either jurisdictional discovery or transfer to the Western District of Texas. Resp. at 2–9. Further, Plaintiffs argue that their claims against the Moving Defendants have been adequately pled and warrant discovery, and that Plaintiffs did not amend in bad faith. *Id.* at 10–16.

For the following reasons, the Court grants the Moving Defendants' Motion to Dismiss for lack of personal jurisdiction and, given that the exercise of jurisdiction over the Moving Defendants would be improper, declines to address the merits of their 12(b)(6) arguments.

### A.  Personal Jurisdiction

The Moving Defendants argue that the Court lacks personal jurisdiction over them. *See* Mot. at 9. The Court agrees for the reasons that follow.[1]

The Fourteenth Amendment's Due Process Clause governs a court's power to exercise personal jurisdiction. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358

---

[1] The Court's analysis below on personal jurisdiction is similar to that contained in its September Order. *See* Sept. Order at 12–20. For reasons of clarity and completeness, the Court discusses these issues again.

(2021). Exercising this power requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" and is "reasonable, in the context of our federal system of government." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945) (citations omitted). Applying this contacts-based analysis, the Supreme Court has developed two forms of personal jurisdiction: general and specific personal jurisdiction. *See Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011).

As Plaintiffs only plead specific jurisdiction, *see* Resp. at 3 n.1, the Court will limit its discussion to whether Plaintiffs have adequately pled specific jurisdiction over the Moving Defendants. Specific jurisdiction requires that the defendant took "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within the forum State," and the plaintiff's claims "'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co.*, 592 U.S. at 359 (citations omitted).

"In assessing whether personal jurisdiction is authorized, 'the court must look first to the long-arm statute of the forum state, in this instance New York.'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (quoting *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). On a motion to dismiss for lack of personal jurisdiction, New York courts must ask two questions to determine whether there is specific jurisdiction over a defendant. *My Goals Sols., Inc. v. Coiana*, No. 24-CV-1900, 2025 WL 833878, at *5 (S.D.N.Y. Mar. 14, 2025). Courts ask: (1) whether New York's long-arm statute would subject the defendant to personal jurisdiction, *see id.* (citing *Int'l Shoe Co.*, 326 U.S. at 319); and (2) if the statute permits the exercise of jurisdiction over the defendant, whether the exercise of jurisdiction meets the

standards that the Due Process Clause demands, *see id.* (citing *Friedman v. Bloomberg L.P.*, 884

F.3d 83, 90 (2d Cir. 2017).

New York Civil Practice Law and Rules ("CPLR") Section 302 outlines how "New York

courts may exercise [specific personal] jurisdiction over non-domiciliaries." *Russell v. Titanium*

*LLC*, No. 23-CV-1408, 2024 WL 1580148, at *2 (N.D.N.Y. Apr. 11, 2024). Jurisdiction is

proper where a plaintiff shows that the non-domiciliary has at least one of the following contacts

with the state:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within this state. . .; or
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a)(1)–(4).

The Moving Defendants argue that the Court cannot exercise jurisdiction over them for

several reasons. *See* Mot. at 8–17. They state that Plaintiffs fail to allege that any of the Moving

Defendants "participated in the transportation of their goods to New York" and that the only

operable agreement at issue is one "between Plaintiffs and United." *Id.* at 11. Additionally, they

assert that Plaintiffs fail to allege that the "Moving Defendants purposefully availed themselves

of the privilege of conducting activities within the forum State," that there is any "nexus between

their claims and the Moving Defendants," or that the "Moving Defendants have purposefully

established . . . minimum contacts in New York." *Id.* at 14–15 (citing *Int'l Shoe Co.*, 326 U.S. at

320).

Plaintiffs in turn allege that the exercise of specific jurisdiction over the Moving Defendants (all citizens of Texas) would be proper because they (1) "upon information and belief, entered into a contract to supply goods or services within this Court's jurisdiction," (2) their "conduct giving rise to this action occurred, at least in significant part, within this Court's jurisdiction," and (3) to the extent conduct occurred outside the Court's jurisdiction, they "knew that Plaintiffs reside or intended to reside in this Court's jurisdiction" and therefore knew that their "actions, regardless of where committed, affected and will affect Plaintiffs in this Court's jurisdiction." Am. Compl. ¶¶ 10–12, 19, 21–22, 24, 26–27, 29, 31–32.

Further, Plaintiffs point to the fact that the boxes used to transport their personal property "identified Daryl as the mover," *id.* ¶¶ 20(a), 49, 65, "United identified Daryl as a United agent," *id.* ¶ 20(b), United identified "Dependable as the 'contractor or carrier' associated with Plaintiffs' move," *id.* ¶ 25, Dependable picked up and stored Plaintiffs' personal property, *id.* ¶ 28, and United identified SRST as its "agent" or "booker," *id.* at ¶ 30(a), as pleadings that necessarily place the Moving Defendants within the Court's jurisdiction. *See* Resp. at 3–7.

As with their initial Complaint, Plaintiffs again appear to be alleging specific personal jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(3). Therefore, the Court will analyze Plaintiffs' allegations according to the standard set forth in that provision of the statute.

Under CPLR Section 302(a)(3), a New York court can obtain personal jurisdiction over an out-of-state defendant if:

> (1) The defendant committed a tortious act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; (5) the defendant derives substantial revenue from interstate or international commerce.

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006).

A plaintiff must "make a *prima facie* showing" regarding the fourth element on a defendant's expectation of consequences in the state. *DH Servs., LLC v. Positive Impact, Inc.*, No. 12-CV-6153, 2014 WL 496875, at \*13 (S.D.N.Y. Feb. 5, 2014). As to that element, "absent allegations of concrete facts known to the defendant that would have led him to foresee being sued in New York or tangible manifestations of his intent to target New York, a court may not exercise personal jurisdiction over a nondomiciliary under 302(a)(3)." *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 409 (S.D.N.Y. 2021) (quoting *Royalty Network, Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 424 (S.D.N.Y. 2009)). "[F]oreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Schaadt v. T.W. Kutter, Inc.*, 169 A.D.2d 969, 970 (N.Y. App. Div. 1991).

Plaintiffs have again failed to allege a plausible theory of the Court's jurisdiction over parties other than United, under the fourth element. In the Amended Complaint, Plaintiffs engaged in extensive group pleading, rather than providing the Court with allegations of specific involvement for the Moving Defendants, as is required. *Id.* ¶ 51 ("Defendants lost some of Plaintiffs' personal property."); *id.* ¶ 55 ("Defendants damaged some of Plaintiffs' personal property."); *id.* ¶ 60 ("Defendants left the balance of Plaintiffs' personal property to be damaged or destroyed by the elements."); *see In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) ("[G]roup pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant."). Despite the Court's September Order highlighting such group pleading, Plaintiffs have failed to meaningfully modify these pleadings. Sept. Order at 16.

9

As to Daryl, given the lack of any discernable contacts with New York or any allegations specifically pointing to Daryl's wrongdoing, Plaintiffs fail to explain how Daryl's conduct in this action, if any occurred, foreseeably led to the harm Plaintiffs experienced. *See generally* Am. Compl. Plaintiffs point to separate litigation involving Daryl and United, and a Dependable warehouse invoice listing a Daryl representative point of contact, in support of the existence of a relationship between such parties. *Id.* ¶ 20. However, these allegations do little to demonstrate any actual wrongdoing or involvement by Daryl in the matter at hand. Plaintiffs' "information and belief" of Daryl's further involvement, other than its boxes being the ones used for the shipping of Plaintiffs' personal property, is insufficient to show contacts with the forum state. *See id.* ¶¶ 19–23.

Next, as to SRST, Plaintiffs fail to show specific personal jurisdiction for the same reasons. Plaintiffs offer no specific allegations that SRST engaged in any misconduct in this case, or that it has any contacts with the state of New York, outside of the same generic group pleadings. *See id.* ¶¶ 51, 55, 60. Although Plaintiffs have replaced the apparently incorrect Suddath from their initial Complaint ("The Suddath Companies") with the apparently correct Suddath here (Suddath Relocation Systems of Texas, Inc. or "SRST"), simply swapping out the party names is insufficient, and Plaintiffs are required to demonstrate that SRST had contacts necessary for the Court to exercise specific personal jurisdiction. *See id.* ¶¶ 46, 48, 71, 73; *Int'l Shoe Co.*, 326 U.S. at 316–17. As with Daryl, Plaintiffs note that SRST has a relationship with United as shown through recent litigation and exhibits identifying SRST as an "agent" or "booker." Am. Compl. ¶ 30. However, the Moving Defendants correctly argue that such allegations fail to show any New York contact by SRST or involvement in the shipping or transportation of Plaintiffs' personal property. Mot. at 13–14. Similar to the allegations against

10

Daryl, the fact that SRST may advertise itself as a moving company is not enough to establish personal jurisdiction. Am. Compl. ¶ 33.

Finally, as to Dependable, Plaintiffs allege that "upon information and belief, Dependable entered into a contract with United to move or otherwise assist in moving Plaintiffs' personal property to the Residence." *Id.* ¶ 25. Plaintiffs base these beliefs on certain documents from United identifying Dependable as its "contractor or carrier" for Plaintiffs' move. *Id.* Plaintiffs also contend that Dependable is directly involved in moving Plaintiffs' property to New York by virtue of Dependable having picked up and stored Plaintiffs' property in Texas. *Id.* ¶ 28. These actions appear to have been limited to the state of Texas, and as such do not serve to establish personal jurisdiction in New York.

Accordingly, the Court cannot exercise jurisdiction over the Moving Defendants in this case under Section 302(a)(3).

**B. Jurisdictional Discovery or Transfer**

In lieu of dismissal, Plaintiffs request that the Court allow for jurisdictional discovery to cure the apparent defects in their pleadings, or in the alternative, to sever their claims against the Moving Defendants and transfer this case to the Western District of Texas. Resp. at 7–9. The Moving Defendants oppose jurisdictional discovery and argue that "[a]llowing discovery under these circumstances would reward pleading failure and impose exactly the type of burden the jurisdictional rules are designed to prevent." Reply at 4. The Court previously explained why it denied Plaintiffs' request for jurisdictional discovery. *See* Sept. Order at 19–20 ("Plaintiffs have not made the 'sufficient start' the law requires."); *Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F.Supp.3d 287, 298 (S.D.N.Y. Feb. 21, 2023) ("[I]f the plaintiff has failed to establish a prima facie case for personal jurisdiction, jurisdictional discovery is generally not granted."). Plaintiffs

11

have again failed to achieve a "sufficient start" for establishing personal jurisdiction. For those same reasons, Plaintiffs' request for jurisdictional discovery is denied.

Plaintiffs alternatively request that the Court "sever the claims against Movants and transfer them to the venue where Defendants will be forced to concede they are subject to personal jurisdiction." Resp. at 9. The Court recognizes that it may, for the convenience of parties and witnesses and in the interest of justice, transfer this action to another district where it might have been brought. 28 U.S.C. § 1404(a). The Court has "broad discretion" in deciding whether to transfer, and its determinations are based "upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). There is a lack of clear allegations connecting the Moving Defendants to the damage to Plaintiffs' personal property. *See generally* Am. Compl. Given Plaintiffs' reliance on speculation as to the roles of the Moving Defendants, they have failed to demonstrate that a severance and transfer of claims would be in the interest of justice, and not a "waste [of] judicial resources." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005). Accordingly, Plaintiffs' request to sever and transfer claims against the Moving Defendants is denied.

In the September Order, the Court stated that Plaintiffs' proposed complaint included with its cross-motion to amend was "jurisdictionally deficient" and "merely recite[d] . . . jurisdictionally deficient group leadings." Sept. Order at 21. The Court granted Plaintiffs the opportunity to amend "to the extent that Plaintiffs can elaborate on a good-faith basis for personal jurisdiction." *Id.* at 21–22. However, Plaintiffs have failed to do so. Therefore, the Moving Defendants' motion to dismiss for lack of personal jurisdiction is granted, with

prejudice.[2] Because the Court grants the Moving Defendants' 12(b)(2) motion, the Court declines to address the merits of their 12(b)(6) arguments.[3] Likewise, the Court declines to address the Moving Defendants' arguments for dismissal under Rule 15(a).

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants Daryl, Dependable, and SRST's motion to dismiss for lack of personal jurisdiction, Dkt. No. 34, is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' claims against Defendants Daryl, Dependable, and SRST are **DISMISSED** with prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      June 29, 2026
            Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

[2] The Court will not address the due process prong of the personal jurisdiction analysis as Plaintiffs have failed to plead facts to satisfy New York's long-arm jurisdictional requirements. *See Doe v. Roman Cath. Diocese of Erie, Pennsylvania*, No. 20-CV-257, 2021 WL 5232742, at *5 (N.D.N.Y. Nov. 10, 2021).

[3] *Sander v. Off. of Comptroller of Currency*, No. 15-CV-5879, 2016 WL 11951030, at *8 (S.D.N.Y. Sept. 29, 2016) ("Because dismissal is required for lack of . . . personal jurisdiction, [the court] do[es] not reach Defendants' arguments with respect to whether dismissal is also warranted pursuant to Rule 12(b)(6).").